```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JEVON LEWIS,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 19-10371 (JBS)<br><br>[Crim. No. 06-0076 (JEI)]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

This matter comes before the Court by way of a motion to correct, vacate, or set aside his federal sentence pursuant to 28 U.S.C. § 2255 filed on April 22, 2019 by Petitioner Jevon Lewis (hereinafter, "Petitioner"), who is proceeding pro se. (See Petition [Docket Item 1].) The Court concludes that the instant motion is an unauthorized second or successive petition under Section 2255. The Court will therefore transfer the present petition to the Court of Appeals for the Third Circuit for consideration under 28 U.S.C. § 2255(h).

1. **Factual and Procedural Background.** Petitioner was convicted on March 7, 2008 of (1) conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A), (2) murder in furtherance of a drug-trafficking conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A), and (3) and murder in the course of a

firearms offense, in violation of 18 U.S.C. § 924. (See Verdict Sheet [Docket Item 281] in Criminal No. 06-0076 (JEI).) On May 14, 2009, the Honorable Joseph E. Irenas, U.S.D.J., sentenced Petitioner to two concurrent terms of life imprisonment plus 120 months. (See Judgment [Docket Item 317], in Crim. No. 06-0076 (JEI).) Petitioner appealed and the Court of Appeals for the Third Circuit affirmed the conviction and sentence. United States v. Lewis, 447 F. App'x 310, 313 (3d Cir. 2011).

2. On March 11, 2013, Petitioner filed his first Section 2255 petition. (See Petition [Docket Item 1] in Civil No. 13-1453 (JEI).) On June 14, 2013, Judge Irenas issued a Miller notice, to which Petitioner never responded. (See Petition [Docket Item 1] in Civil No. 13-1453 (JEI).) Respondent United States of America (hereinafter, "Respondent"), filed an answer on April 11, 2014 (see Answer [Docket Item 7] in Civil No. 13-1453 (JEI)), and Petitioner filed a reply on May 16, 2014. (See Reply [Docket Item 10] in Civil No. 13-1453 (JEI).) The petition alleged two grounds for relief: (1) Petitioner was actually innocent of the crimes; and (2) Petitioner's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). (See Petition [Docket Item 1] in Civil No. 13-1453 (JEI).) On June 9, 2015, Judge Irenas denied the petition on the merits. See Lewis v. United States, Civil No. 13-1453, 2015 WL 3651721 (D.N.J. June 11, 2015). Petitioner did not file an appeal.

3. On November 18, 2016, Petitioner filed a second petition under Section 2255, seeking to raise new challenges to his 2009 conviction. See Lewis v. United States, Civil No. 16-8997, 2016 WL 7440466 (D.N.J. Dec. 27, 2016). On December 27, 2016, the Honorable Noel L. Hillman, U.S.D.J., dismissed Petitioner's second petition under Section 2255 for lack of jurisdiction, as Petitioner had not received authorization from the Court of Appeals for the Third Circuit to file a second or successive petition under Section 2255.[1] See id.

4. On April 22, 2019, Petitioner filed the present petition under Section 2255, without indicating that he had received authorization to file such from the Court of Appeals for the Third Circuit. (See Petition [Docket Item 1].)

5. **Standard of Review.** Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] Judge Hillman declined to transfer Petitioner's 2016 petition to the Third Circuit, because Petitioner had already filed an Application for authorization to file a second or successive petition under Section 2255 with the Third Circuit, on November 8, 2016. (See Application [Docket Item 1] in Case No. 16-4066 (3d Cir.).) That Application was denied on February 27, 2017. (See Order [Docket Item 6] in Case No. 16-4066 (3d Cir.).)

28 U.S.C. § 2255(a). As Petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 Rule 4(b). Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

6. Congress has designated Section 2255 as the presumptive and primary statutory vehicle for any habeas claim challenging a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), cert. denied, 537 U.S. 1038 (2002); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

7. Through the Anti-Terrorism and Effective Death Penalty Act of 1996, Congress also imposed a stringent gatekeeping

provision which limited a prisoner's ability to file "second" or "successive" § 2255 habeas petitions. See 28 U.S.C. §§ 2244(a), 2255. That is, before a successive § 2255 petition can be heard by the sentencing court, the petition must be certified by the Court of Appeals as containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

8. **Discussion.** As noted, supra, there is no indication that Petitioner received permission from the Third Circuit to file the present petition. Therefore, the Court lacks jurisdiction to consider it. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals,

5

the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

9. In this case, the Court finds that it is in the interest of justice to transfer Petitioner's present Section 2255 petition to the Third Circuit. In the present petition, Petitioner argues that his sentence should be altered in light of the Supreme Court's opinions in Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015) (holding that the residual clause of the definition of a "violent felony" under the Armed Career Criminal Act as any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), was unconstitutionally void for vagueness under the Fifth Amendment's Due Process Clause), and in Sessions v. Dimaya, 584 U.S. ___, 138 S.Ct. 1204 (2018) (holding that the residual clause of the definition of a "crime of violence" under 18 U.S.C. § 16(b) as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" to be unconstitutionally vague as incorporated into the Immigration and Nationality Act). Petitioner seeks to apply the reasoning in these cases to similar language found in 18 U.S.C. § 924. The Supreme Court has recently heard oral argument in a case asserting this theory. See United States

v. Davis, 903 F.3d 483 (5th Cir. 2018), cert. granted, 139 S.Ct. 782 (2019) (oral argument held Apr. 17, 2019). As such, the Supreme Court may soon decide whether or not Petitioner's legal argument constitutes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). If the Supreme Court's Davis disposition is favorable, Petitioner may soon be able to meet the standard under § 2255(h) for bringing a successive petition, and thus the interests of justice warrant transfer of this case to the Third Circuit to consider whether such authorization would be granted.

10. **Conclusion**. For the reasons stated above, the Court will transfer the present petition to the Court of Appeals for the Third Circuit for consideration under 28 U.S.C. § 2255(h) in the interests of justice. 28 U.S.C. § 1631. The accompanying Order will be entered.

**April 24, 2019**                                            **s/ Jerome B. Simandle**
Date                                                          JEROME B. SIMANDLE
                                                              U.S. District Judge